UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-cv-22030-JEM

JILL KUTNER,

    *Plaintiff,*

v.

DOCTORS HOSPITAL INC., an
active Florida corporation,

    *Defendant.*

_____

**DEFENDANT, DOCTORS HOSPITAL'S ANSWER AND STATEMENT OF DEFENSES**

Defendant, DOCTORS HOSPITAL INC. ("Defendant"), hereby files its Answer and Statement of Defenses to Plaintiff, JILL KUTNER's ("Plaintiff"), Amended Complaint:

**PARTIES, JURISDICTION, VENUE & CONDITIONS PRECEDENT**

1. Defendant admits that Plaintiff alleges this is an action under the Americans with Disabilities Act (the "ADA") and the Florida Civil Rights Act (the "FCRA") but denies that Plaintiff is entitled to relief under those laws.

2. Defendant admits that Plaintiff is above the age of 18 years but is without knowledge sufficient to form a belief as to the remaining allegations in Paragraph 2 of the Amended Complaint and, therefore, denies those allegations.

3. Defendant admits the allegations in Paragraph 3 of the Amended Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Amended Complaint.

5. Defendant admits that this Court has personal jurisdiction over it and that its corporate headquarters are in Miami-Dade County, Florida. The remaining allegations in

Paragraph 5 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

6. Defendant admits that this Court has subject matter jurisdiction given Plaintiff's alleged claim under the ADA, but Defendant denies Plaintiff is entitled to relief under the ADA.

7. Defendant admits that this Court has supplemental jurisdiction over the FCRA claims alleged by Plaintiff. The remaining allegations in Paragraph 7 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

8. Defendant admits only that venue is proper in the Southern District of Florida, Miami division, but denies the remaining allegations in Paragraph 8 of the Amended Complaint.

9. Defendant admits that venue is proper in the Southern District of Florida, Miami division. The remaining allegations in Paragraph 9 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

10. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC and the FCHR. Defendant denies the remaining allegations in Paragraph 10 of the Amended Complaint.

11. Defendant admits that Plaintiff dual filed a Charge of Discrimination with the EEOC and the FCHR. Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 11 of the Amended Complaint, and therefore, denies those allegations.

12. Defendant admits the allegations in Paragraph 12 of the Amended Complaint.

4878-9035-4293.1 / 071336-1020

13. Defendant is without information or knowledge sufficient to form a belief as to when Plaintiff received the Notice of Right to Sue, and therefore, denies the allegations in Paragraph 13 of the Amended Complaint.

14. Defendant admits that Plaintiff dual filed a Charge of Discrimination with the EEOC and the FCHR. Defendant is without information or knowledge sufficient to form a belief as to the date Plaintiff filed the Charge, and therefore, denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Amended Complaint.

16. The allegations in Paragraph 16 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Amended Complaint.

## FACTUAL ALLEGATIONS

18. Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

19. Defendant admits that Plaintiff worked at Doctors Hospital. Defendant denies the remaining allegations in Paragraph 19 of the Amended Complaint.

20. Defendant admits the allegations in Paragraph 20 of the Amended Complaint.

21. The allegations in Paragraph 21 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

22. Defendant denies the allegations in Paragraph 22 of the Amended Complaint, except that Defendant admits that Plaintiff worked as a Social Work Case Manager for a time during her employment with Defendant.

23. Defendant denies the allegations in Paragraph 23 of the Amended Complaint, except that Defendant admits Plaintiff worked as a Supervisor in the Case Management Department for a time during her employment with Defendant.

24. Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

**The SWCMs and How They Functioned at DH**

25. Defendant denies the allegations in Paragraph 25 of the Amended Complaint, except Defendant admits those were among her responsibilities.

26. Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

27. Defendant admits the allegations in Paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Amended Complaint, except it admits that the units listed are among those at Doctors Hospital.

**Jill's Disability and Her Reasonable Accommodation**

31. Defendant is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 31 of the Amended Complaint, and therefore, denies those allegations.

32. Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Amended Complaint, except it admits it reasonably accommodated Plaintiff.

36. Defendant denies the allegations in Paragraph 36 of the Amended Complaint, except it admits it reasonably accommodated Plaintiff.

4878-9035-4293.1 / 071336-1020

37. Defendant denies the allegations in Paragraph 37 of the Amended Complaint, except it admits it reasonably accommodated Plaintiff.

**Jill's Reasonable Accommodation Is Revoked and Then She is Denied A Reasonable Accommodation**

38. Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41. Defendant admits the allegations in Paragraph 41 of the Amended Complaint.

42. Defendant admits that Plaintiff assessed the patient by telephone. Defendant denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

50. Defendant is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 50 of the Amended Complaint and, therefore, denies the allegations.

51. Defendant denies the allegations in Paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Amended Complaint

54. Defendant admits the allegations in Paragraph 54 of the Amended Complaint.

55. Defendant admits the allegations in Paragraph 55 of the Amended Complaint.

4878-9035-4293.1 / 071336-1020

56. Defendant denies the allegations in Paragraph 56 of the Amended Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Amended Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Amended Complaint.

59. Defendant states the letter speaks for itself and denies any allegations contrary therewith.

60. Defendant denies the allegations in Paragraph 60 of the Amended Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Amended Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Amended Complaint.

63. Defendant admits Plaintiff is on a leave of absence but denies the remaining allegations in Paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

**COUNT I**
**VIOLATION OF THE ADA**
**(Failure to Accommodate)**

69. Defendant realleges and incorporates its responses to Paragraphs 1 through 68 of the Amended Complaint as if fully set forth herein.

70. Defendant admits it employed Plaintiff, but otherwise denies the allegations in Paragraph 70 of the Amended Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Amended Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Amended Complaint.

4878-9035-4293.1 / 071336-1020

73. Defendant denies the allegations in Paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Amended Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Amended Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Amended Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Amended Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Amended Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause immediately following Paragraph 80 of the Amended Complaint.

## COUNT II
## VIOLATION OF THE ADA
### (Retaliation)

81. Defendant realleges and incorporates is responses to Paragraphs 1 through 68 of the Amended Complaint as if fully set forth herein.

82. Defendant admits it employed Plaintiff but otherwise denies the allegations in Paragraph 82 of the Amended Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Amended Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Amended Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Amended Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Amended Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Amended Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Amended Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Amended Complaint.

4878-9035-4293.1 / 071336-1020

Defendant denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause immediately following Paragraph 89 of the Amended Complaint.

## COUNT III
## VIOLATION OF THE FCRA
### (Failure to Accommodate)

90. Defendant realleges and incorporates is responses to Paragraphs 1 through 68 of the Amended Complaint as if fully set forth herein.

91. Defendant admits it employed Plaintiff, but otherwise denies the allegations in Paragraph 91 of the Amended Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Amended Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Amended Complaint.

94. The allegations in Paragraph 94 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant states the FCRA and ADA speak for themselves and denies any allegations contrary therewith.

95. The allegations in Paragraph 95 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant states the FCRA speaks for itself and denies any allegations contrary therewith.

96. Defendant denies the allegations in Paragraph 96 of the Amended Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Amended Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Amended Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Amended Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Amended Complaint.

101. Defendant denies the allegations in Paragraph 101 of the Amended Complaint.

102. Defendant denies the allegations in Paragraph 102 of the Amended Complaint.

103. Defendant denies the allegations in Paragraph 103 of the Amended Complaint.

104. Defendant denies the allegations in Paragraph 104 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause immediately following Paragraph 104 of the Amended Complaint.

## COUNT IV
## VIOLATION OF THE FCRA
### (Retaliation)

105. Defendant realleges and incorporates is responses to Paragraphs 1 through 68 of the Amended Complaint as if fully set forth herein.

106. Defendant admits that it employed Plaintiff, but otherwise denies the allegations in Paragraph 106 of the Amended Complaint.

107. Defendant denies the allegations in Paragraph 107 of the Amended Complaint.

108. Defendant denies the allegations in Paragraph 108 of the Amended Complaint.

109. Defendant denies the allegations in Paragraph 109 of the Amended Complaint.

110. Defendant denies the allegations in Paragraph 110 of the Amended Complaint.

111. Defendant denies the allegations in Paragraph 111 of the Amended Complaint.

112. Defendant denies the allegations in Paragraph 112 of the Amended Complaint.

113. Defendant denies the allegations in Paragraph 113 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause immediately following Paragraph 113 of the Amended Complaint.

## JURY DEMAND

Defendant admits Plaintiff demands a jury trial. Defendant specifically objects and does not consent to Plaintiff's demand for a jury trial of issues not triable as of right to a jury, including Plaintiff's claims, if any, for back pay, front pay, and/or any other equitable relief.

4878-9035-4293.1 / 071336-1020

## GENERAL DENIAL

Defendant denies each allegation of Plaintiff's Amended Complaint not specifically admitted herein.

## STATEMENT OF DEFENSES

1. Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff fails to state claims upon which relief may be granted. Plaintiff's requested accommodation was not reasonable and no alternative accommodation existed that would have allowed Plaintiff to perform the essential functions of her job. Further, Defendant engaged in the interactive process in good faith and gave due consideration to Plaintiff's requested accommodation.

2. Any actions taken by Defendant with respect to Plaintiff's employment or the terms and conditions thereof were based upon legitimate, non-discriminatory/non-retaliatory reasons and were taken without regard to any protected category. Plaintiff's requested accommodation was not reasonable and no alternative accommodation existed that would have allowed Plaintiff to perform the essential functions of her job. Plaintiff remains employed and on a leave of absence as Defendant attempts to find other positions for which Plaintiff may be qualified.

3. Plaintiff's claims are barred on the grounds that, even if any decision concerning Plaintiff was based, in part, on discriminatory and/or retaliatory grounds (which none was), Defendant would have reached the same decision absent any alleged improper motive.

4. Plaintiff's failure to accommodate claims are barred because Plaintiff's requested accommodation to perform remote assessments of patients in certain areas of the hospital was not reasonable in light of the essential functions of her position, and/or presented an undue hardship to Defendant's case management operations or a direct threat to the wellbeing and safety of the patients receiving treatment at Defendant's facility.

5. Plaintiff's claims are barred because Defendant engaged in the interactive process in good faith and gave due consideration to Plaintiff's requested accommodation. However, no alternative accommodation existed that would have allowed Plaintiff to perform the essential functions of her job.

6. Plaintiff's claim of retaliation further fails because she engaged in intervening conduct by failing to follow instructions, thus breaking any chain of causation between any protected activity and the purported adverse employment action.

7. Plaintiff's claim for damages is barred, in whole or in part, to the extent that she failed to reasonably mitigate her damages, and Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount that Plaintiff did or could have earned through reasonable efforts.

8. Defendant has made good faith efforts to prevent discrimination and retaliation in its workplace, including by implementing policies and trainings and, therefore, it cannot be liable for the decisions of its agents, to the extent that the challenged employment decisions were contrary to its efforts to comply with discrimination statutes and to the extent these agents are not "managing agents" because they had limited managerial authority and did not have the seniority and stature to bind Defendant.

9. All acts taken by Defendant or anyone acting on its behalf were just, fair, privileged, with good cause, in good faith, without malice or intent to discriminate, and for lawful and legitimate, non-discriminatory, and non-retaliatory reasons. Defendant engaged in the interactive process in good faith and gave due consideration to Plaintiff's requested accommodation. However, no alternative accommodation existed that would have allowed Plaintiff to perform the essential functions of her job. Plaintiff remains employed and on a leave of absence as Defendant attempts to find other positions for which Plaintiff may be qualified.

10. Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine, to the extent it is discovered that Plaintiff engaged in conduct that would have resulted in her termination and/or would have precluded her from obtaining employment with Defendant had it been then known to Defendant.

11. Plaintiff's claims for damages and other relief are subject to all applicable caps and limitations on damages.

12. Defendant reserves the right to amend this Answer and/or state such other defenses that may become known in this action.

WHEREFORE, Defendant, DOCTORS HOSPITAL, INC., respectfully requests that judgment be entered in its favor and against the Plaintiff, and that this Court dismiss Plaintiff's Amended Complaint and award Defendant its attorneys' fees and costs for defending this matter, along with any or all other relief deemed just and proper.

DATED:  August 7, 2023.                                    Respectfully submitted,

By: /s/ *Rocio Blanco Garcia*
Patrick G. DeBlasio, III, Esq.
Florida Bar No. 871737
E-Mail:  pdeblasio@littler.com
Rocio Blanco Garcia, Esq.
Florida Bar No. 099304
E-Mail:  rblancogarcia@littler.com
Emily Selig, Esq.
Florida Bar No.: 1030983
E-Mail: eselig@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

*COUNSEL FOR DEFENDANT*

4878-9035-4293.1 / 071336-1020